In re Larry G. GARRETT and Agnes T.J. Garrett, Debtors,

**FIRST NATIONAL BANK OF DICKSON, Plaintiff,**

v.

**Larry G. GARRETT, Agnes T.J. Garrett and J.D. Puckett, Defendants.**

Bankruptcy No. 183–01343.

Adv. No. 183–0452.

United States Bankruptcy Court, M.D. Tennessee.

Feb. 3, 1984.

John E. Buffaloe, Jr., Nashville, Tenn., for plaintiff.

Nathan T. Brown, Dickson, Tenn., for defendants.

J.D. Puckett, pro se.

Henry E. Hildebrand, III, Nashville, Tenn., trustee.

MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This complaint was initiated by First National Bank of Dickson (hereinafter "First

National") to obtain relief from the codebtor stay imposed pursuant to 11 U.S.C.A. § 1301(a) (West 1979).[1] Upon consideration of the evidence presented at the hearing, stipulations, exhibits and the entire record, this court concludes that First National's complaint should be GRANTED.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The debtors Larry G. and Agnes Garrett filed a Chapter 13 wage earner petition in this court on May 23, 1983. Prior to this date, the debtors had refinanced and consolidated several loans from First National in one note totaling $6,000. This loan was unsecured but, due to the debtors' unstable financial condition, First National required J.D. Puckett to cosign the note on behalf of the debtors. At the time the debtors filed this bankruptcy petition, the indebtedness on this note was approximately $6,270.78.

On July 7, 1983, the debtors' proposed Chapter 13 plan was confirmed. A plan, which was to extend for 36 months, provided payment to unsecured creditors of "$9,000 or 20%, whichever is greater." This type of plan, denominated as a "base plan," required the debtors to pay into the plan $9,000 or 20% of the total amount of filed unsecured claims, whichever amount was greater. Soon after the plan was confirmed, First National filed this complaint seeking relief from the codebtor stay pursuant to 11 U.S.C.A. § 1301(c)(2).

Section 1301(c)(2) requires this court to grant relief from the codebtor stay to First National to the extent that the debtors' plan does not provide payment of First National's claim. 11 U.S.C.A. § 1301(c)(2) (West 1979). The only problem in this case

is that the amount to be paid First National as an unsecured creditor is slightly uncertain because the plan requires the debtors to pay into the plan for the benefit of unsecured creditors either $9,000 or 20% of all filed unsecured claims, whichever amount is greater. This variation arises because, at the date of confirmation, the trustee cannot determine the amount of unsecured claims which will be filed. In this district, the court normally sets the meeting of creditors and the confirmation hearing in a Chapter 13 case on the same day. Because unsecured creditors in this case had until six months after the first date set for the first meeting of creditors to file proofs of claim, see FED.R.BANKR.P. 13–302(e)(2) (superceded August 1, 1983), the Chapter 13 trustee could not ascertain the number and total sum of unsecured claims which would be timely filed until after this date.[2]

In spite of this uncertainty, this Chapter 13 plan will obviously pay First National at least 20% of its unsecured claim. First National is thus adequately protected to that extent under the plan and thus cannot collect this amount from the codebtor. First National must, however, be allowed relief from the codebtor stay to collect any remaining amount due on its unsecured claim from the guarantor J.D. Puckett. Should First National collect the remaining amount from the codebtor and the plan eventually pay more than 20% of First National's unsecured claim, then the codebtor shall be subrogated to First National's position as an unsecured creditor in the debtors' case and shall receive this overpayment.

The court will accordingly enter an order granting First National relief from the co-

---

1. 11 U.S.C.A. § 1301(a) (West 1979) provides as follows:

    (a) Except as provided in subsections (b) and (c) of this section, after the order of relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

    (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

    (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

2. This time has been shortened to 90 days under the new Federal Rules of Bankruptcy Procedure. FED.R.BANKR.P. 3002(c).

debtor stay to attempt to collect the portion of its unsecured claim which is not provided for by the debtors' plan.

IT IS, THEREFORE, SO ORDERED.